IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SQUARE RING, INC.,

    Plaintiff,

v.                                                CASE NO. 3:16-cv-641-MCR-GRJ

EDUARD TROYANOVSKY,

    Defendant.

_____/

## **AMENDED REPORT AND RECOMMENDATION**[1]

Pursuant to the Court's directive, ECF No. 28, the undersigned held

a case management conference on April 4, 2018, for the purpose of

resolving any pending disputes and establishing a recommended schedule

for completion of discovery. John Wirt appeared on behalf of Plaintiff,

Square Ring, Inc. ("Square Ring"), and Tanya Kalivas appeared on behalf

of Defendant, Eduard Troyanovsky ("Troyanovsky").

---

[1] This report and recommendation amends the Court's previous report and recommendation, ECF No. 32, only to modify the deadlines from two weeks to thirty days for filing rebuttal expert reports. The original report and recommendation provided that rebuttal expert reports must be filed on August 24, 2018, two weeks after service of expert reports. The day after the hearing the Defendant filed a letter motion requesting thirty days for filing rebuttal reports. ECF No. 33. Plaintiff does not object. To the extent the letter is construed as a motion it is **GRANTED.** Accordingly, rebuttal expert reports must be filed within thirty days after expert reports. The deadlines for depositions of experts and filing dispositive motions also have been adjusted accordingly.

The primary scheduling dispute concerns the deadline for fact discovery and the disclosure of expert reports. Square Ring proposes that the Court set August 9, 2018, as the deadline for fact discovery, and set August 31, 2018, as the deadline for disclosure of expert reports (after the close of fact discovery). Troyanovsky, however, urges the Court to establish a more condensed schedule for the purpose of more expeditiously resolving this case.

The Court determines that for the reasons summarized below—and particularly due to the nature and type of discovery in this case and the fact that Troyanovsky is located in Russia—a discovery deadline in August, while ambitious, is appropriate.

This case concerns a dispute regarding a promotional agreement between Troyanovsky, a professional boxer who resides in Russia, and Square Ring, a boxing promoter. Square Ring alleges that Troyanovsky participated in bouts arranged by other boxing promoters, violating the exclusive promotional agreement and resulting in Square Ring's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

Based on the nature of the claims and the parties involved, multiple

discovery challenges exist in this case. For example, Troyanovsky resides in Russia and does not read or speak English, so there may be difficulties coordinating and conducting his deposition. Further, the documents relevant to this case, which will be produced by Troyanovsky, most likely will be in Russian, requiring Plaintiff to obtain translations of the documents.

Additionally, Square Ring represents that it may have two experts in this case—a forensic expert to examine Troyanovsky's computer and a damages expert. While it is less than certain at this point whether Square Ring will retain a forensic expert until after it deposes Troyanovsky, a damages expert will be necessary and essential to the presentation of Plaintiff's case.

Although Square Ring requests the Court to set the deadline for disclosure of expert reports after the close of the fact discovery deadline, the Court disagrees. Because Plaintiff will not be conducting much, if any, third party discovery since most of the witnesses are located abroad, it is highly unlikely that any depositions or other discovery will be conducted at the last minute shortly before the close of discovery. Plaintiff, therefore, should have more than sufficient time during the next four months to

provide the necessary information to its expert to enable the expert to

formulate an opinion on damages.  The Court should set the deadline for

designation of expert testimony and disclosure of full expert reports under

Fed. R. Civ. P. 26(a)(2) for August 10, 2018 as to any issue on which a

party has the burden of proof. The deadline to serve rebuttal expert reports

should be set for September 10, 2018. The deadline to complete expert

depositions should be set for October 1, 2018. The deadline for filing

dispositive motions, including any *Daubert* motions should be set for

October 29, 2018.

Regarding the initial scheduling order and the Rule 26(f) report

deadlines that have passed and agreements that have been reached, the

parties represent that initial disclosures were provided by the deadline of

March 23, 2018. The parties also represent that they reached an

agreement regarding ESI and that they will submit a negotiated protective

order, which will include a Rule 502(d) "clawback."

The following additional deadline proposed by the parties also is

appropriate in this case. The deadline to join additional parties and amend

pleadings should be April 30, 2018.

Lastly, during the hearing the Court explored the potential efficacy of

mediation with a certified mediator or a settlement conference before a United States Magistrate Judge. Although the parties are not opposed to mediation or a settlement conference, reference of the case to mediation or a settlement conference would not be appropriate until after the close of discovery and the disclosure of expert reports. At that point, the case would be appropriate for reference to mediation before a certified mediator or referral for a settlement conference before a United States Magistrate Judge.

Accordingly, for the foregoing reasons, it is **RESPECTFULLY RECOMMENDED** that the District Judge enter an appropriate case management and scheduling order consistent with the following deadlines:

1. Motions to join additional parties or to amend the pleadings must be filed **on or before April 30, 2018.**

2. All fact discovery must be completed by **August 10, 2018.**

3. The deadline for designation of expert testimony and disclosure of full expert reports under Fed. R. Civ. P. 26(a)(2) should be set for **August 10, 2018** as to any issue on which a party has the burden of proof.

4. The deadline for disclosing rebuttal experts and their reports, if any, should be for **September 10, 2018.**

*Case No: 3:16-cv-641-MCR-GRJ*

5. Depositions of expert witnesses must be completed by **October 1, 2018.**

6. All dispositive motions, including any *Daubert* motions, must be filed **on or before October 29, 2018.**

7.  The Clerk is directed to vacate the Court's April 4, 2018 Report and Recommendation. ECF No. 32.

**IN CHAMBERS** this 6th day of April 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**