IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SQUARE RING, INC., a Delaware
corporation,

    Plaintiff,

v.                                        CASE NO. 3:16-cv-641-MCR-GRJ

EDUARD TROYANOVSKY,

    Defendant.
_____/

# **ORDER**

Pending before the Court are ECF No. 51, Plaintiff Square Ring, Inc.'s Motion to Compel; ECF No. 52, Plaintiff Square Ring, Inc.'s Memorandum of Law in Support of Its Motion to Compel; and ECF No. 64, Plaintiff Square Ring, Inc.'s First Motion for Enlargement of Time. Defendant filed responses in opposition to these motions, *see* ECF Nos. 58, 65, and the motions are therefore ripe for review.

**A.**    **Plaintiff Square Ring, Inc.'s Motion to Compel**

Plaintiff requests the Court to compel Defendant to produce documents responsive to Request Nos. 5, 8, 10, 14, and 18 in its First Set of Requests for Production of Documents. ECF No. 51. Defendant requests that the Court deny the motion to compel or, if the Court grants

the motion, to designate Defendant's financial information as Proprietary Discovery Material pursuant to the parties' protective order. ECF No. 58. The Court addresses each request for product at issue in turn below.

***Request No. 5***

In Request No. 5 Plaintiff seeks "all documents and communications related to the Acquaintance [Yuriy Batischev]." Plaintiff says it needs these documents because Defendant maintains that the Acquaintance forged Defendant's signature on the promotional agreement and emailed the signed promotional agreement to Salita. ECF No. 52 at 5–6. Defendant objects to this request because it is overbroad and unduly burdensome, particularly because Plaintiff does not limit the request to communications with some connection or relevance to the case. ECF No. 58 at 6–8.

Because documents and communications related to the Acquaintance are relevant to Defendant's position that the Acquaintance signed the promotional agreement, Plaintiff's motion to compel with regard to Request No. 5 is due to be granted. Defendant, however, must produce only those documents and communications involving the Acquaintance that discuss or relate to the promotional agreement for the time period from six months before the signing of the promotional agreement to six months after the signing of the promotional agreement.

*Request No. 8*

In Request No. 8 Plaintiff seeks "production of all documents and communications related to Jones, the President of SRI, including, without limitation, any photographs containing both Troyanovsky and Jones." Plaintiff wants these documents and communications because Defendant maintains that he did not know that Jones was his promoter. ECF No. 52 at 6. Defendant objects to this request because Defendant already produced communications between Defendant and Jones when Defendant produced documents related to Square Ring. Because Jones was the President of Square Ring any communications between him and Defendant would have been included in the prior production. Defendant also objects arguing that compliance with the request would require him to conduct an internet search for pictures of Defendant and Jones. ECF No. 58 at 8–9.

With regard to the request for documents and communications related to Jones, Plaintiff's motion to compel is due to be denied because Defendant represents that all communications between Defendant and Jones already have been produced in response to the request for documents related to Square Ring. But with regard to any photographs depicting Defendant and Jones together, Plaintiff's motion is due to be granted. Defendant is advised that he is not required to conduct an internet

search for pictures of Defendant and Jones. Rather, Defendant only is required to produce pictures of Defendant and Jones (if they exist) that are in Defendant's possession, custody, or control.

***Request No. 10***

In Request No. 10 Plaintiff seeks "production of all documents and communications related to [World of Boxing], Defendant's current promoter." Plaintiff requests these documents, including documents related to Defendant's purses, because Plaintiff says the information is necessary for Plaintiff's expert to determine Plaintiff's damages. ECF No. 52 at 6–14. Defendant objects arguing that financial arrangements and development of his career through World of Boxing are unrelated to the issues in this case and that Defendant's earnings are unrelated to proving Plaintiff's lost profits.

Regardless of the ultimate success or reliability of Plaintiff's damage theory or the admissibility of any expert opinion on damages (which relies upon Defendant's purse awards) the Court concludes that in discovery Plaintiff is entitled to the requested documents so that its expert can utilize the information in formulating, if appropriate, or for testing any damage calculation. Whether the use of Defendant's purses in preparing a damage model is appropriate is an issue left for another day in the context of a

*Daubert* motion. Plaintiff's motion to compel regarding Request No. 10 is therefore due to be granted. In producing the documents regarding Defendant's purse awards and payments from World of Boxing, Defendant may mark those documents Proprietary Discovery Material in accordance with the protective order in this case.

### Request No. 14

In Request No. 14 Plaintiff seeks "production of all documents and communications related to any e-mails sent or received from [Defendant's] E-mail Account on October 17, 2011." Plaintiff requests these emails because Defendant alleges that the Acquaintance forged his signature on the promotional agreement and emailed the promotional agreement to Salita on October 17, 2011. ECF No. 52 at 14–15. Defendant objects to this request arguing that any emails sent from his email account would not prove or disprove anything related to this case. Defendant says that "Defendant should not be subject to the personal invasion of producing his private communications, which Plaintiff admits could be personal and have no content related to the case." ECF No. 58 at 14–15.

Although Defendant's email platform may be web-based, any emails sent from that email account on October 17, 2011, arguably could shed light on whether Defendant signed the promotional agreement. Moreover,

because the request is limited to emails generated on October 17, 2011 only and because the content of these emails could support or refute the theory of whether someone else signed the promotional agreement, Plaintiff's motion to compel with regard to Request No. 14 is due to be granted.

### *Request No. 18*

In Request No. 18 Plaintiff seeks "production of all documents and communications related to Defendant's income and earnings for 2011 to the present." ECF No. 52 at 15. Defendant objects arguing that what Defendant earned through promoters other than Plaintiff has no relevance or relationship to Plaintiff's claim for lost profits. Defendant further argues that the request should be denied because Plaintiff offers no basis for why it seeks income and earnings from Defendant from 2011 to 2014 when Plaintiff allegedly was promoting Defendant. ECF No. 58 at 15–16.

While the Court agrees that Defendant's income and earnings from 2011 to 2014— during the time Square Ring was promoting Defendant—have at best marginal relevance, Defendant's income and earnings from 2014 to present are relevant because Plaintiff's expert may need to review this information in formulating Plaintiff's damage model. Even though the law provides that a claim for lost profits is based upon the

injured party's lost profits and not the breaching party's financial gain, a damage expert in formulating a credible damage model, nonetheless, may need to know the size and amount of the purses Defendant.  Plaintiff's motion to compel with regard to Request No. 18, therefore, is due to be granted to the extent that Defendant must produce documents relating to his income and earnings from 2014 to present. Defendant does not need to produce these documents from 2011 to 2014, during the time he was promoted by Square Ring.

**B.      Plaintiff Square Ring, Inc.'s First Motion for Enlargement of Time**

Plaintiff requests that the Court extend the case management and scheduling order deadlines by 30 days for two reasons. First, Plaintiff seeks to depose Vadim Kornilov, an alleged senior executive for World of Boxing, Defendant's current promoter. Plaintiff subpoenaed Mr. Kornilov for deposition scheduled for July 31, 2018 (within the discovery period). Apparently, Mr. Kornilov is unavailable for deposition on July 31 or any other date prior to the August 10, 2018, discovery deadline. Second, Plaintiff says that its expert will need to review and consider some of the documents at issue in Plaintiff's motion to compel.

Under Rule 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." Good cause requires showing that

"the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). If a party was not diligent, then there is no good cause for an extension. *See id.*; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff represents that "[a]s a senior executive with WOB, Plaintiff believes that Mr. Kornilov has possession or control of WOB documents related to Defendant and that he likely has information regarding WOB's promotion of Defendant." ECF No. 64 at 6. While the subpoena was served and Kornilov's deposition was scheduled near the discovery deadline, the deposition was noticed to take place before the close of discovery. The only reason an extension is requested for Kornilov's deposition is because of Kornilov's schedule and not because Plaintiff failed to initiate this discovery before the discovery deadline. Accordingly, the Court concludes that Plaintiff has shown the requisite good cause and due diligence for an extension of the discovery period and other remaining deadlines in this case.

The Court has considered Defendant's assertion that Mr. Kornilov is not an employee of World of Boxing and that he does not have any knowledge regarding any of the issues framed in the pleadings in this

case. That may or may not be the case. But that is an issue germane to a motion to quash the subpoena and not an issue relevant to a motion seeking to extend the discovery deadline. The discovery deadline and other case management deadlines, as appropriate, will be extended thirty (30) days so that Plaintiff can reschedule the deposition of Mr. Kornilov and obtain the documents Defendant is required to produce in this order.

Accordingly, upon due consideration, it is **ORDERED:**

1. Plaintiff Square Ring, Inc.'s Motion to Compel, ECF No. 51, is **GRANTED in part and DENIED in part** as explained above. Plaintiff must produce the required documents responsive to Requests Nos. 5, 8, 10, 14, and 18 **on or before August 20, 2018**.

2. Plaintiff Square Ring, Inc.'s First Motion for Enlargement of Time, ECF No. 64, is **GRANTED** to enable Plaintiff to reschedule Mr. Kornilov's deposition and so that Plaintiff can obtain the documents Defendant will be producing in response to Plaintiff's First Set of Requests for Production.

3. The deadlines in the case management and scheduling order are amended as follows:

All fact discovery must be completed by **September 10, 2018.**

The deadline for designation of expert testimony and disclosure of full expert reports under Fed. R. Civ. P. 26(a)(2) is **September 10, 2018**.

The deadline for disclosing rebuttal experts and their reports, if any, is **October 10, 2018.**

Depositions of expert witnesses must be completed by **October 31, 2018.**

All dispositive motions, including any *Daubert* motions, must be filed **on or before November 28, 2018.**

**DONE AND ORDERED** this 8th day of August 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge